KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
James J. Capra, Jr.
James P. Cusick
David M. Fine
Telephone: (212) 556-2100
Facsimile:  (212) 556-2222

*Attorneys for PricewaterhouseCoopers LLP*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MF GLOBAL INC.,<br><br>Debtor. | On appeal from the U.S. Bankruptcy Court for the Southern District of New York Case No. 11-2790 (MG) SIPA |
| PRICEWATERHOUSECOOPERS LLP,<br><br>Appellant,<br>vs.<br><br>JAMES W. GIDDENS, as Trustee for the SIPA Liquidation of MF Global, Inc.; CUSTOMER REPRESENTATIVES IN THE COMMODITIES CLASS ACTION, represented by Court-Appointed Interim Co-Lead Counsel in the Commodities Action and Court-Appointed Executive Committee Class Counsel with Interim Co-Lead Class Counsel,<br><br>Appellees. | Case No. 12-cv-8367 (AKH)<br><br>**ORAL ARGUMENT REQUESTED** |

**APPELLANT PRICEWATERHOUSECOOPERS LLP'S BRIEF IN SUPPORT OF**
**APPEAL OF THE BANKRUPTCY COURT'S ORDER APPROVING ASSIGNMENT**
**OF TRUSTEE'S CLAIMS AGAINST PwC TO CLASS ACTION PLAINTIFFS**

## TABLE OF CONTENTS

PAGE

STATEMENT OF JURISDICTION..................................................................................................1

STATEMENT OF THE ISSUE ON APPEAL.................................................................................1

STANDARD OF REVIEW .............................................................................................................1

STATEMENT OF THE CASE.........................................................................................................2

STATEMENT OF THE FACTS ......................................................................................................3

ARGUMENT....................................................................................................................................5

CONCLUSION.................................................................................................................................9

**TABLE OF CONTENTS OF RECORD ON APPEAL**

Trustee's Motion for Entry of an Order Approving Agreement to Cooperate with and Assign Certain Claims to Class Action Plaintiffs in Pending Actions and to Distribute Funds Recovered to Customers ("Assignment Motion"), filed on August 15, 2012 [*In re MF Global, Inc.*, Case No. 11-02790 (MG) (Bankr. S.D.N.Y.), ECF No. 2906]. .............. Tab 1

Limited Objection of PricewaterhouseCoopers LLP to Trustee's Motion for Entry of an Order Approving Agreement to Cooperate with and Assign Certain Claims to Class Action Plaintiffs in Pending Actions and to Distribute Funds Recovered to Customers, and Declaration of James J. Capra, Jr., in Support Thereof, filed August 29, 2012 [ECF No. 3084]. ...................................................................................................................... Tab 2

Revised Proposed Order Approving Agreement to Cooperate with and Assign Certain Claims to Class Action Plaintiffs in Pending Actions and to Distribute Funds Recovered to Customers, filed on September 2, 2012 [ECF No. 3138]. ................................. Tab 3

Trustee's Reply to the Limited Objection of PricewaterhouseCoopers LLP to Trustee's Motion for Entry of an Order Approving Agreement to Cooperate with and Assign Certain Claims to Class Action Plaintiffs in Pending Actions and to Distribute Funds Recovered to Customers, filed September 4, 2012 [ECF No. 3144]. ...................................... Tab 4

Customer Representatives' Omnibus Joinder to the Trustee's Replies in Further Support of the Trustee's Motion for Entry of an Order Approving Agreement to Cooperate with and Assign Certain Claims to Class Action Plaintiffs in Pending Actions and to Distribute Funds Recovered to Customers, filed September 4, 2012 [ECF No. 3147]........................................................................................................................ Tab 5

Transcript of the Hearing Before Honorable Martin Glenn, U.S. Bankruptcy Court for the Southern District of New York, dated September 5, 2012 [ECF No. 3266]. .................... Tab 6

PwC's Supplemental Memorandum of Law in Support of its Limited Objection to the Assignment Motion, filed September 11, 2012 [ECF No. 3282]. ........................................... Tab 7

Trustee's Post-Hearing Supplemental Brief in Response to the PwC Limited Objection, filed September 11, 2012 [ECF No. 3283]. ............................................................................ Tab 8

Letter of James J. Capra, Jr., to Hon. Martin Glenn, filed September 12, 2012 [ECF No. 3298] .................................................................................................................................. Tab 9

Letter of Jonathan D. Pressment to Hon. Martin Glenn, filed September 13, 2012 [ECF No. 3309]. ............................................................................................................................. Tab 10

PwC's Further Supplemental Memorandum of Law, filed September 14, 2012 [ECF No. 3348]. ............................................................................................................................. Tab 11

Opinion Granting the Trustee's Assignment Motion to Assign to the Customer Representatives any Tort Claims of the Debtor Against PwC and Instructing the Trustee to Settle an Order Consistent with the Court's Opinion, entered October 2, 2012 ("October 2, 2012 Opinion") [ECF No. 3581]. ................................................................... Tab 12

Order Granting the Assignment Motion, entered October 11, 2012 ("Assignment Order") [ECF No. 3764]. .................................................................................. Tab 13

PwC's Notice of Appeal, filed October 12, 2012 [ECF No. 3820] ...................................... Tab 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Tissue, Inc. v. Arthur Andersen, L.L.P.*,
  275 F. Supp. 2d 398 (S.D.N.Y. 2003)..................................................................6

*ATC Healthcare Inc. v. Goldstein, Golub & Kessler LLP*,
  2009 N.Y. Slip Op. 52777(U), 2009 WL 6854361 (N.Y. Sup. Ct. Oct. 19, 2009) ...................7

*Bruno v. Trus Joist a Weyerhaeuser Bus.*,
  929 N.Y.S.2d 163 (N.Y. App. Div. 2011) ..................................................................7

*Common Fund for Non-Profit Orgs. v. KPMG Peat Marwick LLP*,
  No. 96 Civ. 0255, 2000 WL 124819 (S.D.N.Y. Feb. 2, 2000) ...................................................8

*Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*,
  636 N.E.2d 503 (Ill. 1994)..................................................................7

*Diamond v. Sokol*,
  468 F. Supp. 2d 626 (S.D.N.Y. 2006)..................................................................7

*Harris v. Kahn, Hoffman, Nonenmacher & Hochman, LLP*,
  59 A.D.3d 390, 391 (N.Y. App. Div. 2009) ..................................................................7

*Hatalmud v. Spellings*,
  505 F.3d 139 (2d Cir. 2007)..................................................................1

*In re Chateaugay Corp.*,
  156 B.R. 391 (S.D.N.Y. 1993)..................................................................1

*In re Delphi Corp.*,
  394 B.R. 342 (S.D.N.Y. 2008)..................................................................1

*New Eng. Mut. Life Ins. Co. v. Caruso*,
  535 N.E.2d 270 (N.Y. 1989)..................................................................9

*Oppenheim v. Mojo Stumer Assocs. Architects, P.C.*,
  36 Misc. 3d 1219(A), 2012 WL 3064868 (N.Y. Sup. Ct. July 23, 2012)................................7

*RGH Liquidating Trust v. Deloitte & Touche LLP*,
  47 A.D.3d 516 (N.Y. App. Div. 2008) ..................................................................6

*Senise v. Mackasek*,
  227 A.D.2d 184 (N.Y. App. Div. 1996) ..................................................................8

iv

STATUTES

11 U.S.C. § 363................................................................................................................1, 4

11 U.S.C. § 541(a) ..............................................................................................................4

15 U.S.C. § 78eee(b)(4) .....................................................................................................1

28 U.S.C. § 158(a)(1)..........................................................................................................1

OTHER AUTHORITIES

17 C.F.R. § 1.16 .............................................................................................................8, 9

Federal Rule of Bankruptcy Procedure 8012 ..................................................................10

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) as this is an appeal of a final order, judgment, or decree of a Bankruptcy Court in the Southern District of New York. Following removal to the Bankruptcy Court, the Bankruptcy Court had jurisdiction to enter the final order pursuant to 15 U.S.C. § 78eee(b)(4).

## STATEMENT OF THE ISSUE ON APPEAL

Whether the Bankruptcy Court erred in granting the Trustee's Assignment Motion with respect to PricewaterhouseCoopers LLP ("PwC"), permitting a transfer of claims (if any) against PwC pursuant to 11 U.S.C. § 363, where the non-assignment provisions contained in the engagement letters between PwC and the debtor, MF Global Inc., expressly prohibit the assignment of any claims "arising under" those engagement letters.

## STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed *de novo*. *See In re Delphi Corp.*, 394 B.R. 342, 344 (S.D.N.Y. 2008). "In reviewing a lower court's contract interpretation, a *de novo* standard is used when the contract at issue is unambiguous, but a clearly erroneous standard is employed only where a court is reviewing an ambiguous agreement." *Id.* (citing *Hatalmud v. Spellings,* 505 F.3d 139, 145–46 (2d Cir. 2007); *In re Chateaugay Corp.,* 156 B.R. 391, 404–05 (S.D.N.Y. 1993)). Here, the Bankruptcy Court's Opinion looks only to the language of the parties' contracts; it construes the non-assignment clause as a matter of law, without resort to extrinsic evidence, and no party has suggested that the contract language is ambiguous. *See* October 2, 2012 Opinion at 14-18. The Assignment Order following from the Opinion is therefore subject to *de novo* review by this Court.

**STATEMENT OF THE CASE**

PwC submits this brief in support of its appeal of the Bankruptcy Court's Order entered on October 11, 2012 (the "Assignment Order"), solely as it relates to the assignment of claims against PwC.  This appeal arises from the SIPA liquidation proceedings of MF Global Inc. ("MFGI" or the "Debtor").  On August 15, 2012, James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of MFGI, filed the Trustee's Motion for Entry of an Order Approving Agreement to Cooperate With and Assign Certain Claims to Class Action Plaintiffs in Pending Actions and to Distribute Funds Recovered to Customers (the "Assignment Motion") [ECF No. 2906].[1]  Among other things, the Assignment Motion sought authority to assign the Trustee's claims against PwC (if any) to certain Customer Representatives.

On August 29, 2012, PwC filed its objection to the Assignment Motion [ECF No. 3084], asserting that claims held by the Trustee against PwC, if any, cannot be assigned because of the non-assignment provisions in PwC's contracts with MFGI.  This objection was limited in that it only applied to potential claims against PwC, and not to claims against other entities.  The parties submitted briefing on the issue, and a hearing was held, after which the parties submitted supplemental briefing requested by the Bankruptcy Court.

On October 2, 2012, the Bankruptcy Court entered its opinion (the "Opinion") granting the Trustee's motion to assign tort claims against PwC to the Customer Representatives and instructing the Trustee to settle an order consistent with that Opinion [ECF No. 3581].  The Bankruptcy Court held that the language of the non-assignment clause in the contracts between PwC and MFGI did prevent the assignment of breach of contract claims, but did not apply to tort

---

[1] All references herein to the Electronic Case Filing ("ECF") docket relate to *In re MF Global, Inc.*, Case No. 11-02790 (MG) (Bankr. S.D.N.Y.), unless otherwise noted.

claims.[2]  By Order dated October 11, 2012 (the "Assignment Order"), the Bankruptcy Court granted the Assignment Motion [ECF No. 3764].

On October 12, 2012, PwC appealed the Bankruptcy Court's Opinion and Assignment Order to this Court, solely as they relate to the assignment of any claims of MFGI against PwC. *See* Notice of Appeal [ECF No. 3820].  The same day, PwC sought a stay of the Assignment Order pending appeal.  PwC's Motion to Stay was denied by the Bankruptcy Court on November 1, 2012 [ECF No. 4244].  On the next day that the courts were open for business, November 5, 2012, the Customer Representatives filed their Consolidated Amended Complaint in *Deangelis v. Corzine, et al.*, No. 11-cv-7866 (S.D.N.Y) [ECF No. 382], naming PwC as a defendant.[3]  The Consolidated Amended Complaint asserts claims against PwC, including assigned accounting malpractice and breach of fiduciary duty claims on behalf of the Trustee, relying on the privity created by the contracts between PwC and MFGI.

## STATEMENT OF THE FACTS

PwC entered into two contracts with MFGI relevant to this appeal—one to perform an audit of MFGI's financial statements for its fiscal year ended March 31, 2010, and the other for its fiscal year ended March 31, 2011.  Each contract contains a non-assignment clause prohibiting the direct or indirect assignment of "any … claims" against PwC "arising under this engagement letter…."  Declaration of James J. Capra, Jr. [ECF No. 3084-1] Ex. 1 at 5 (hereinafter "June 24, 2010 Engagement Letter"); *Id.* Ex. 2 at 5 (hereinafter "January 18, 2010 Engagement Letter").

---

[2] There has been no appeal filed challenging the ruling that the engagement letters bar the assignment of contract claims.

[3] The New York federal courts were closed between October 29 and November 5, 2012, as a result of Hurricane Sandy.

On October 31, 2011, MFGI's parent company, MF Global Holdings, Ltd., filed for protection under Chapter 11 of the Bankruptcy Code, after which the Securities Investor Protection Corporation ("SIPC") commenced a proceeding to liquidate MFGI under the Securities Investor Protection Act ("SIPA"). The contractual rights arising under the engagement letters, along with all other interests of the Debtor in property, became part of MFGI's estate pursuant to 11 U.S.C. § 541(a) upon commencement of the SIPA proceeding. The SIPA Trustee became vested with all of MFGI's rights with respect to these contracts, but was subject to all of the same limitations on those rights as MFGI.  The non-assignment clause was such a limitation.  In short, because MFGI could not assign claims against PwC to a third-party, neither could the Trustee.

The Bankruptcy Court nonetheless allowed the Trustee to assign tort claims against PwC to certain Customer Representatives pursuant to 11 U.S.C. § 363(b)(1), reasoning that "the anti-assignment clause only precludes assignment of breach of contract claims, not tort (*e.g.*, malpractice) claims…"  October 2, 2012 Opinion at 10.  The Bankruptcy Court reached this conclusion even though the audits giving rise to the alleged tort claims were performed pursuant to the engagement letters, and even as it acknowledged that the privity required to bring such tort claims arose under those very same engagement letters.  *Id.* at 15 ("That [privity] requirement is satisfied with respect to the Assigned Claims since PwC performed its audits pursuant to a contract with the Debtors.").   Following entry of the Assignment Order, the Customer Representatives asserted assigned claims for professional malpractice and breach of fiduciary duty against PwC.

Respectfully, the Bankruptcy Court erred when it interpreted the plain language of the non-assignment clauses.  The relevant language—prohibiting assignment of "any … claims"

4

against PwC "arising under" the engagement letters—reaches both contract and tort claims relating to the audits in question, which were performed pursuant to the engagement letters. This is particularly clear in the context of accounting malpractice claims, which arise out of the same conduct regardless of whether a plaintiff chooses to style the claim as sounding in breach of contract or tort. It is in the public interest to enforce contracts freely entered into by sophisticated parties, and this Court should hold the Trustee to the bargain negotiated by his predecessor in interest and PwC.

## ARGUMENT

The non-assignment clauses apply to any claim arising out of the audits performed pursuant to the engagement letters, whether sounding in contract or tort. The Bankruptcy Court's narrow construction of the non-assignment clauses in the parties' contracts was incorrect as a matter of law and should be reversed by this Court. The Bankruptcy Court's decision is based on the conclusion that "the anti-assignment clause only precludes assignment of breach of contract claims, not tort (*e.g.*, malpractice) claims…" *See* October 2, 2012 Opinion at 10. PwC respectfully maintains that this misconstrues the broad nature of the anti-assignment language, particularly when the law governing accounting malpractice claims is considered.

The contracts between PwC and MFGI describe the audit services to be provided, and also contain explicit non-assignment clauses prohibiting the direct or indirect assignment of "any … claims" against PwC "arising under this engagement letter…." June 24, 2010 Engagement Letter at 5; January 18, 2010 Engagement Letter at 5. The parties' engagement letters specifically refer to the "services covered," and state that PwC "will be responsible for performing the audits in accordance with auditing standards generally accepted in the United States." June 24, 2010 Engagement Letter at 2, 5; January 18, 2010 Engagement Letter at 2, 6. Thus, any malpractice claim based on PwC's alleged failure to comply with professional

standards "aris[es] under this engagement letter" and cannot be assigned, regardless of whether it is styled as a breach of contract or a tort claim.

There is no dispute that the non-assignment clauses prohibit the assignment of a breach of contract claim against PwC.  *See* October 2, 2012 Opinion at 10; *see also* November 1, 2012 Bankruptcy Court Stay Order at 5, 6.  Since a breach of contract claim asserting failure to comply with professional standards cannot be assigned, it follows that the non-assignment clauses apply with equal force to prohibit the assignment of tort claims based on the audits performed pursuant to contract.  These are the same claims, based on the same conduct, regardless of the label a plaintiff may affix to them.  *See RGH Liquidating Trust v. Deloitte & Touche LLP*, 47 A.D.3d 516, 517 (N.Y. App. Div. 2008) ("The breach of contract claim is, . . . in essence a claim of professional malpractice. . . ."); *Am. Tissue, Inc. v. Arthur Andersen, L.L.P.*, 275 F. Supp. 2d 398, 405 n.7 (S.D.N.Y. 2003) (noting that "claims for malpractice, breach of contract, and breach of fiduciary duty . . . boil down to one claim for the provision of deficient accounting services.").

The Bankruptcy Court reasoned that there is a distinction between breach of contract claims, which arise under an engagement letter between the auditor and its client, and tort claims which arise from some professional legal duty independent of the contract.  October 2, 2012 Opinion at 14-15.  However, tort and contract claims are duplicative of one another so long as they both involve allegations that the auditor failed to follow the relevant professional standards; it does not matter that those professional standards are defined by Generally Accepted Auditing Standards ("GAAS") rather than the contract itself.  Whether a claim against an accountant is styled as a breach of contract (based on the contractual obligation to perform an audit complying with professional standards) or a tort claim (based on breach of those same professional

standards), its states a claim for accounting malpractice. *See Oppenheim v. Mojo Stumer Assocs. Architects, P.C.*, 36 Misc. 3d 1219(A), 2012 WL 3064868, at *5 (N.Y. Sup. Ct. July 23, 2012) ("An allegation that a party failed in the proper performance of services related primarily to its profession is a claim for professional malpractice . . . regardless of whether the underlying theory is based in contract or tort."); *Bruno v. Trus Joist a Weyerhaeuser Bus.*, 929 N.Y.S.2d 163, 167 (N.Y. App. Div. 2011) (same); *ATC Healthcare Inc. v. Goldstein, Golub & Kessler LLP*, 2009 N.Y. Slip Op. 52777(U), 2009 WL 6854361, at *3 (N.Y. Sup. Ct. Oct. 19, 2009) (dismissing redundant breach of contract and negligence claims "based on the same actions of misconduct that give rise to the accounting malpractice claim"); *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515 (Ill. 1994) (holding that plaintiff's tort and contract claims were based on the same facts and sought recovery for the same injury, and therefore plaintiff could not recover under both). Breach of contract and malpractice claims in this context overlap and neither can be viewed in a vacuum from the other, as the Bankruptcy Court would have it.[4]

Courts have held that in very limited circumstances a breach of contract claim against an accounting firm can be maintained independently from tort claims. However, in such cases the breach of contract claim must be based on something more than the failure to comply with professional standards. *See Diamond v. Sokol*, 468 F. Supp. 2d 626, 640-41 (S.D.N.Y. 2006)

---

[4] The Bankruptcy Court noted that the tort/contract distinction often arises in the context of deciding which statute of limitations period to apply, but reasoned that this did not appear relevant to potential claims against PwC. October 2, 2012 Opinion at 16 n.4. However, statute of limitations jurisprudence drives home PwC's point that it should not matter whether accounting malpractice claims are styled as tort claims or contract claims. The same statute of limitations applies to claims for accounting malpractice regardless of whether the claim is styled as a contract claim or a tort claim. *See, e.g. Harris v. Kahn, Hoffman, Nonenmacher & Hochman, LLP*, 59 A.D.3d 390, 391 (N.Y. App. Div. 2009) (citing N.Y. C.P.L.R. 214(6)); *see also* 735 Ill. Comp. Stat. 5/13-214.2(a). For the same reason, the anti-assignment clause in PwC's engagement letters should bar assignment of tort claims as well as contract claims.

(dismissing breach of contract claim as duplicative of legal malpractice claim where it did not

"rest upon a promise of a particular or assured result, but rather upon defendant's alleged breach

of professional standards") (citing *Senise v. Mackasek*, 227 A.D.2d 184, 185 (N.Y. App. Div.

1996)); *Common Fund for Non-Profit Orgs. v. KPMG Peat Marwick LLP*, No. 96 Civ. 0255,

2000 WL 124819 (S.D.N.Y. Feb. 2, 2000) ("In order to bring both a malpractice claim and a

breach of contract claim, the plaintiff must allege that the professional 'promised to achieve a

specific result or to perform a particular task and then breached that promise.'") (citation

omitted).   The contracts here do not contain a promise of a particular or assured result; they

promise an audit in accordance with applicable professional standards. As such, the anti-

assignment language should apply with equal force to tort claims and contract claims.

Since the entry of the Assignment Order, the Customer Representatives have filed their

Consolidated Amended Complaint bringing claims assigned by the Trustee.   The assigned

malpractice claim against PwC alleges PwC failed to conduct audits of MFGI in accordance with

the "appropriate professional standards," making it coextensive with any non-assignable breach

of contract claim based on the same alleged failure to comply with professional standards. *See,*

*e.g.*, *Deangelis v. Corzine, et al.*, No. 11-cv-7866 (S.D.N.Y), Consolidated Am. Compl. [ECF

No. 382] ¶ 521.[5]  The Customer Representatives repeatedly reference the engagement letters in

the course of making their allegations, belying any argument that a tort claim for malpractice is

truly distinct from a non-assignable contract claim. *See id.* ¶¶ 359 (noting execution of January

18, 2010 engagement letter), 360 (noting services provided in January 18, 2010 engagement

---

[5] Plaintiffs' breach of fiduciary duty claim appears to be based on PwC's alleged duty to
conduct an audit consistent with 17 C.F.R. § 1.16, part of the explicit "services covered" by the
engagement letter.  Consolidated Am. Compl. ¶ 528; *see* June 24, 2010 Engagement Letter at 1;
January 18, 2010 Engagement Letter at 1.  Thus, any claim based on this same duty falls within
the express prohibition of the anti-assignment clause.

letter), 361 (issuance of report referred to in January 18, 2010 engagement letter), 362 (noting execution of June 24, 2010 engagement letter), 363 (noting services provided in June 24, 2010 engagement letter), 364 (issuance of report referred to in June 24, 2010 engagement letter). The Customer Representatives allege "MFGI *hired* PwC on multiple occasions to perform an audit" as part of their malpractice claim. *Id.* ¶ 520 (emphasis added). They go so far as to allege PwC's failure to discharge "its duties under 17 C.F.R. 1.16 *and the applicable engagement letter*," which arguably is not permitted even by the Bankruptcy Court's Assignment Order. *See id.* at ¶ 91 (emphasis added). The Customer Representatives' claim clearly "aris[es] under the engagement letter[s]," and to permit the Customer Representatives to bring such a claim is to permit an end run around the plain language of the parties' agreement.

## CONCLUSION

At the end of the day, the rights at issue in this dispute were created by agreement between MFGI and PwC. There is a strong public interest in the enforcement of such rights. *See New Eng. Mut. Life Ins. Co. v. Caruso*, 535 N.E.2d 270, 274 (N.Y. 1989) ("Freedom of contract itself is deeply rooted in public policy. . . ."). PwC's duty to conduct its audits consistent with professional auditing standards—the duty at issue in the assigned malpractice claim—is at the heart of the contractual relationship between the parties. This Court should uphold the non-assignment clause in the parties' engagement letters and reverse the Bankruptcy Court's

Assignment Order.

PwC respectfully requests oral argument on this appeal pursuant to Federal Rule of

Bankruptcy Procedure 8012.


Dated: November 30, 2012
       New York, New York

                                        KING & SPALDING LLP


                                        By:   /s/ David M. Fine___
                                            James J. Capra, Jr.
                                            James P. Cusick
                                            David M. Fine
                                            1185 Avenue of the Americas
                                            New York, New York 10036
                                            Tel: (212) 556-2100

                                            *Attorneys for PricewaterhouseCoopers LLP*